No. 29,669.

F. A. HILL and J. O. BRADFORD, *Appellees*, v. JOHN F. GOERING and EPHRASINA GOERING, *Appellants* (THE FARMERS AND MERCHANTS BANK, *Appellee*).

(294 Pac. 679.)

Opinion filed January 10, 1931.

*C. M. Williams, D. C. Martindell* and *W. D. P. Carey,* all of Hutchinson, for the appellants.

*James M. Cassler,* of McPherson, and *Lewis B. Woodson,* of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs, holders of oil and gas leases, seek to compel defendants Goering to permit them to go upon the lands leased for the purpose of drilling for oil and gas and to compel the Farmers and Merchants Bank to deliver written leases to the plaintiffs, the leases having been deposited with the bank in escrow, or, if the plaintiffs are not permitted to go upon the premises to drill for oil and gas, to recover from defendants Goering $40,000 damages.

Defendants Goering in a cross petition asked for $5,000 damages for the failure of the lessee to drill under the oil and gas leases. Judgment was rendered in favor of the plaintiffs that they be permitted to go upon the premises to drill for oil and gas within a specified time and that the plaintiffs were entitled to the leases held by the Farmers and Merchants Bank of McPherson as to all the land involved except that occupied by defendants Goering as their homestead. Defendants Goering appeal.

In January, 1929, John F. Goering and Ephrasina Goering, husband and wife, leased to F. A. Hill 560 acres of land on which to drill for oil and gas, 160 acres of which were occupied by them as their homestead. The facts necessary to be considered are stated in an opinion and decision of the trial court, which opinion and decision is found in and made a part of the judgment. That opinion and decision contains findings of fact and is as follows:

"The defendant, John F. Goering, was the owner of certain lands described in the plaintiffs' petition, located in Lone Tree Township, McPherson county, Kansas. On January 30, 1929, one of the plaintiffs, F. A. Hill, procured from Goering an oil and gas lease on a standard 'Producers 88A Kansas' form, but failed to pay the one dollar consideration therein provided to be paid by him to the plaintiff. After the making and executing of these leases, which were signed by John F. Goering and Ephrasina Goering, as husband and wife, and included a lease covering the homestead of these two defendants, an escrow agreement was made and entered into by and between the plaintiff, Hill, defendant Goering and wife, and the Farmers and Merchants Bank of McPherson, Kansas, the escrow agreement providing that the leases were to be turned over to the plaintiff Hill upon his commencing a well within a given territory within sixty days. No consideration was shown as passing between the parties and none passed. For some reason, not pertinent here, drilling operations were delayed, and the plaintiff Hill on the 24th of April, 1929, secured from the defendant, John F. Goering, an extension of time, which was reduced to writing, and signed by the plaintiff, Hill and defendant, John F. Goering, wherein the time allowed in the former escrow agreement was extended to May 20, 1929, and plaintiff agreed to commence a well on defendant's, John F. Goering's, land by May 20, 1929. The new agreement, together with the leases and original escrow agreement, were placed in the Farmers and Merchants Bank of McPherson, where they still remain.

"Ephrasina Goering, wife of defendant, John F. Goering, left the details of placing the leases in escrow and final delivery thereof to her husband, and aside from executing the original leases and escrow agreement took no part in the arrangement with plaintiff, Hill.

"During the latter part of April and early May, 1929, plaintiffs began active preparation to drill on the Goering land and entered into a contract with a well drilling contractor for that purpose, who attempted to move upon

the land, prior to the expiration of the second escrow agreement, for the purpose of commencing drilling operations, and was prevented by plaintiffs from entering upon the land. Bradford secured an interest in the leases and escrow agreements by assignment from Hill and is one of the plaintiffs herein.

"The testimony shows that the plaintiffs agreed to drill a well on the Goering land as a consideration for the second escrow agreement, and whether or not the first escrow agreement was void for want of mutuality, the second agreement cannot be held void for that reason. The plaintiffs entered into a binding and enforceable contract to drill a well on the Goering well [land] on or before May 20. This is a sufficient consideration to support both the escrow contract and the leases, and whether or not a consideration was actually paid for the leases at the time of their execution has no bearing on any land covered except possibly the homestead. The agreement on the part of the plaintiff to drill a well, in the second escrow agreement, and the placing of the leases again in escrow under such agreement, amounts in effect to a new contract which has a consideration, and I hold that the plaintiffs are entitled to judgment decreeing that the bank turn over all leases, except those on the homestead, to said plaintiffs providing that within a reasonable time hereafter they in good faith commence the drilling of a well as set forth in the escrow agreement.

"Now as to the homestead lands, a different reasoning applies, and a different result finally reached. Mrs. Goering left all the details of the transaction to her husband, John F. Goering, who arranged for the placing in escrow with the defendant bank, and the placing of such leases in escrow were a step in the delivery thereof to the plaintiff and her signature was not needed to such agreement. While the consideration was contained in such agreement, it inured to her benefit as much as and to the same extent as it inured to the benefit of her husband who did sign such extension escrow agreement.

"On the other hand it might be argued that the original lease, which she did sign, being void for lack of consideration, the making of a promise to her, which she did not consent to nor accept, would not be the agreement she made. Her agreement was that for $1 she would lease the land, and not receiving the consideration the lease is void. Being void in its inception, no consideration afterwards supplied which she did not agree to accept would vitalize a void contract and I am inclined to believe that the latter reasoning is more logical and hold that the leases and escrow agreements are void so far as they affect the one hundred and sixty acres occupied by defendant Goering and his wife as a homestead, and that the bank should return said leases to plaintiffs [defendants Goering] forthwith."

Defendants Goering argue that the court committed error in overruling their demurrer to the evidence of the plaintiffs, in rendering judgment for the plaintiffs, in not rendering judgment for the Goerings, and in overruling their motion for a new trial. The findings of fact are not attacked. The Goerings, in effect, draw conclusions from those findings different from those drawn by the

plaintiffs and by the court. The Goerings argue that the leases were unenforceable because there was no consideration for them and because the lessee therein named did not obligate himself to do anything under them. They argue that the extension agreement signed by the defendant John F. Goering and F. A. Hill did not add anything to the original leases and escrow agreement. By that extension agreement F. A. Hill, the lessee, promised to drill on the lands covered by the leases. That agreement, together with the leases and the escrow agreement, constituted a valid and binding contract enforceable against F. A. Hill. The opinion and decision of the court state the facts on which the judgment was rendered and give the reasoning by which the court reached its conclusion. It is not necessary to add anything to that reasoning.

The judgment is affirmed.